IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY TURNER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0592-L |
| | § | |
| **UNIVERSITY OF TEXAS** | § | |
| **SOUTHWESTERN MEDICAL CENTER** | § | |
| **AT DALLAS**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss, filed April 26, 2006. After careful review of the motion, response, briefs, reply, and applicable authority, the court, for the reasons set forth herein, **grants** Defendant's Motion to Dismiss.

**I. Background**

Plaintiff Bobby Turner ("Plaintiff" or "Turner") filed this action on April 3, 2006, against Defendant University of Texas Southwestern Medical Center at Dallas ("Defendant" or "the Medical Center"). He contends that Defendant discriminated against him on account of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and that Defendant terminated him on a false charge of fraud in retaliation for making complaints about age bias.

In response to Plaintiff's Original Complaint, the Medical Center filed a motion to dismiss for lack of subject matter jurisdiction. Specifically, the Medical Center contends that, as it is a branch of the University of Texas, which is an arm of the State of Texas, it is immune from

**Memorandum Opinion and Order - Page 1**

Plaintiff's ADEA claims under the Eleventh Amendment to the United States Constitution. Accordingly, the Medical Center contends that this action is barred and the court lacks subject matter jurisdiction to hear it.

## II. Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424

(5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

## III. Analysis

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[T]he reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Southwestern Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 937 (5th Cir. 2001) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).

The Medical Center is part of the University of Texas System. Tex. Educ. Code Ann. § 65.02(a)(7) (Vernon 2002). Moreover, the University of Texas System is clearly a state agency. Tex. Gov. Code Ann. § 441.101(3) (Vernon 2004). These two statutes strongly indicate that the Medical Center is an arm or instrumentality of the State of Texas for Eleventh Amendment purposes. Moreover, Turner *does not* dispute that the Medical Center is an arm or instrumentality of the State. As Turner does not contest that the Medical Center is an arm or instrumentality of the State, a detailed analysis of the factors that is normally conducted in determining whether an entity is an arm or instrumentality of the State is unnecessary.[1] Turner's argument is that the Eleventh Amendment

---

[1] As articulated by the Fifth Circuit:

**Memorandum Opinion and Order - Page 3**

bar is not absolute. This statement is true insofar as it goes; however, the law is clear that the Eleventh Amendment *does* bar a federal lawsuit "by a private individual against an unconsenting state" unless one of the following is present: "waiver [by the state] or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment." *State of Texas, by and through the Bd. of Regents of the Univ. of Texas Sys. v. Walker*, 142 F.3d 813, 820 (5th Cir. 1998) (citing U.S. Const. amend. XI; *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 56-58 (1996)).

The Supreme Court recently addressed the Eleventh Amendment and the ADEA in *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000). In determining whether Congress abrogated Eleventh Amendment immunity with respect to the ADEA, the Court stated that two predicate questions had to be resolved: "first, whether Congress unequivocally expressed its intent to abrogate that immunity; and second, if it did, whether Congress acted pursuant to a valid grant of constitutional authority." *Id*. at 73 (citation omitted). The Court concluded that the first requirement had been met because the relevant provisions of the ADEA "clearly demonstrate[d] Congress' intent to subject the States to suit for money damages at the hands of individual employees." *Id*. at 74. With respect to the second question, because of the "indiscriminate scope of the Act's substantive requirements, and the lack of evidence of widespread and unconstitutional age discrimination by the States," the Court held "that the ADEA [was] not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment"; and that its "purported abrogation of the States' sovereign immunity [was]

---

> These factors include (1) whether the state statutes and case law view the entity as an arm of the state; (2) the source of the entity's funding; (3) the entity's degree of local autonomy; (4) whether the entity is concerned primarily with local, as opposed to statewide, problems; (5) whether the entity has the authority to sue and be sued in its own name; and (6) whether it has the right to hold and use property.

*Southwestern Bell Tel.*, 243 F.3d at 938 (citation omitted).

**Memorandum Opinion and Order - Page 4**

. . . invalid." *Id*. at 91. As the Court held that Congress did not validly abrogate the Eleventh Amendment sovereign immunity of the States with respect to the ADEA, Plaintiff has no legal basis to assert that his lawsuit can proceed because of any congressional abrogation.

As an alternative argument, Turner contends that the Medical Center has waived its Eleventh Amendment immunity because it has received federal funds. For a court to find a waiver based on receipt of federal funds or participation in a federal program, "express language" or "overwhelming implications from the text [must] leave no room for any other reasonable construction." *Florida Dep't of Health and Rehabilitative Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147, 150 (1981) (internal quotation marks and citations omitted). Further, that a state *merely* participates in a program in which it receives federal funds falls short of establishing that it has consented to being sued in federal court, and an agreement by a state to follow federal law does not constitute waiver of sovereign immunity. *Id*. Finally, if Congress or a federal agency intends to attach strings to or conditions precedent to the use of federal monies provided to a state, "it must do so unambiguously" and "speak with a clear voice." *Miller v. Texas Tech. Univ. Health Scis. Ctr.*, 421 F.3d 342, 352 (5th Cir. 2005) (internal quotation marks, footnotes, and citations omitted). The clear, unequivocal or express language required for waiver is not present in this case.

A review of the record reveals that Plaintiff has produced no evidence that the Medical Center has waived its sovereign immunity, or that Congress or a federal agency placed conditions on the use of federal funds to the Medical Center.[2] Plaintiff has pointed to no evidence that

---

[2] Plaintiff attaches an affidavit and over 50 pages of documents purportedly relating to grants and funds received by the Medical Center, and other matters. The pages are set out in attachments. Attachment A-1 is titled General Grant Requirements - All Grants; Attachment A-2 is titled System Administration Compliance; Attachment A-3 is titled Southwestern Compliance Notes; Attachment A-4 is titled Risk Management of Texas State Agencies; and Attachment A-5 is the Medical Student Handbook Section for the Medical Center. A review of these records does not indicate or establish that the Medical Center agreed that

**Memorandum Opinion and Order - Page 5**

establishes the Medical Center, in exchange for federal funds, would forgo its sovereign immunity and agree to be subject to ADEA lawsuits in federal court. For the reasons herein set forth, Plaintiff's consent and waiver arguments fail.

### IV. **Plaintiff's Request to Amend**

Plaintiff requests that the court allow him to amend his complaint to add an age discrimination claim under the Texas Labor Code[3] and a common-law claim of slander. Based on the court's analysis of Plaintiff's Original Complaint and the applicable law, it has no subject matter jurisdiction to hear this action. When a court has no subject matter jurisdiction over an action, it must dismiss the action. If the action is dismissed, as it will be, there is nothing for Plaintiff to amend. Denial of this request is therefore appropriate.

### IV. **Conclusion**

For the reasons stated herein, Eleventh Amendment sovereign immunity bars Plaintiff's ADEA claim, which is the only claim in his complaint. As the Medical Center enjoys sovereign immunity with respect to the ADEA, this action is barred, and the court lacks subject matter jurisdiction to hear it. Accordingly, the court **grants** Defendant's Motion to Dismiss, and this action

---

it could be sued in federal court on ADEA claims if it accepted federal funds.

[3]Under state law, an employer may not discriminate against an employee because of his age, or retaliate against him for opposing such discrimination or filing a charge of discrimination. *See* Tex. Lab. Code Ann. §§ 21.051 and 21.055 (Vernon 2006).

**Memorandum Opinion and Order - Page 6**

is **dismissed without prejudice**. Also, for the reasons previously stated, the court **denies** Plaintiff's request for leave to amend his complaint.

**It is so ordered** this 30th day of March, 2007.

　　　　　　　　　　　　　　　　　　　　／s／ Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　　United States District Judge